IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| AMERICAN HOUSING FOUNDATION, | ) | Case No. 09-20232-RLJ-11 |
| | ) | |
| Debtor. | ) | |

\* \* \*

| | | |
|---|---|---|
| ROBERT L. TEMPLETON and | ) | |
| DAVID MILLER, | ) | |
| | ) | |
| Movants, | ) | |
| | ) | |
| v. | ) | Adversary No. 10-02016-RLJ |
| | ) | |
| WALTER O'CHESKEY | ) | |
| as Chapter 11 Trustee, | ) | |
| | ) | |
| Respondent. | ) | Civil Action No. 2:11-CV-136-C |

## **ORDER**

On this date, the Court considered:

(1)  Appellants Robert Templeton and David Miller's ("Appellants") Motion for Leave to Appeal from Interlocutory Order, Brief, and Appendix, filed June 16, 2011;

(2)  Chapter 11 Trustee Walter O'Cheskey's ("Trustee") Response, Brief, and Appendix, filed June 30, 2011; and

(3)  Appellants' Reply, filed July 13, 2011.

Appellants move the Court for leave to appeal an interlocutory order from the bankruptcy proceeding below. After considering the relevant arguments and authorities, the Court is of the opinion that Appellants' motion should be **DENIED**.

## I.  BACKGROUND

Appellants filed proofs of claim in the bankruptcy case seeking to recover amounts they provided to the Debtor, American Housing Foundation ("AHF"). The heart of the dispute in the underlying case is whether Appellants provided these amounts to AHF in exchange for tax benefits that Appellants knew or should have known were illegal. The Trustee contends that if Appellants knew or should have known that the tax benefits were illegal, then their claims to recover the amounts they provided to AHF should be avoided, disallowed, or subordinated due to Appellants' bad faith intent and because they entered the bankruptcy proceeding with unclean hands.

Specifically, Appellants are attempting to appeal the bankruptcy court's order of June 7, 2011, in which the court denied Appellants' motion to dismiss and resolved related discovery matters against them. Appellants essentially assert that the court does not have subject matter jurisdiction to decide the tax-based objections and causes of action asserted by the Trustee and should therefore dismiss such claims and causes of action. As summarized by the court below, "The gist of [Appellants'] argument is that section 505 of the Bankruptcy Code (11 U.S.C.), as construed by the courts, allows bankruptcy courts to determine the tax liabilities of the debtor in bankruptcy and of the bankruptcy estate but does not authorize bankruptcy courts to determine the tax liabilities of any other parties that are involved in a bankruptcy case, such as

[Appellants], who each assert by their respective proofs of claim that they are creditors of AHF." Bankr. Ct.'s June 7, 2011 Order 2-3.

The court below acknowledged that it does not have jurisdiction to determine Appellants' tax liabilities but explained that, in resolving the underlying adversary proceedings, it would not be called upon to make such a determination. Instead, the court would rely on its core jurisdiction to determine whether claims filed in the bankruptcy case should be allowed or disallowed, which is a regular function of the bankruptcy court. In a similar light, the court held that the discovery seeking information related to Appellants' tax returns is relevant or potentially relevant to the Trustee's allegations against Appellants.

With these considerations in mind, the court denied Appellants' motion to dismiss, granted the Trustee's motion to compel, and denied Appellants' motion for protective order, which in effect opened the door for the Trustee to obtain discovery pertaining to Appellants' tax returns. Appellants now seek leave to take an interlocutory appeal from the court's order. The trial of this matter is set in September and October of 2011.

## II.  STANDARDS

A district court has jurisdiction to hear appeals from interlocutory bankruptcy court orders only if it grants leave to lodge such appeals. 28 U.S.C. § 158(a)(3). "The decision to grant or deny leave to appeal a bankruptcy court's interlocutory order is committed to the district court's discretion." *In re O' Connor*, 258 F.3d 392, 400 (5th Cir. 2001). While no statutory guidance exists regarding the factors to be considered in exercising this discretion, "the vast majority of district courts faced with the problem have adopted the standard under 28 U.S.C.

§ 1292(b) for interlocutory appeals from district court orders." *In re Ichinose*, 946 F.2d 1169, 1177 (5th Cir. 1991).

"This standard consists of three elements: (1) a controlling issue of law must be involved; (2) the question must be one where there is substantial ground for difference of opinion; and (3) an immediate appeal must materially advance the ultimate termination of the litigation." *Id.* (internal citations omitted). These elements are conjunctive, meaning that if the party moving for leave fails to establish any one of the conditions, then leave must be denied. *In re Aucoin*, 35 F.3d 167, 170 (5th Cir. 1994).

### III.  ANALYSIS

"A key concern consistently underlying § 1292(b) is whether permitting an interlocutory appeal will speed up the litigation." *Tesco Corp. v. Weatherford Int'l Inc.*, 722 F. Supp. 2d 755, 767 (S.D. Tex. 2010) (citing *Ahrenholz v. Bd. of Trustees*, 219 F.3d 674, 676 (7th Cir. 2000)). Without addressing the first two elements, the Court is of the opinion that Appellants fail to meet the third requirement: that the appeal will materially advance the ultimate termination of the litigation.

This case is on the eve of trial, and taking an interlocutory appeal now would work more of a hardship on the parties and the court than halting the proceedings at the midnight hour. If the result of the trial is adverse to Appellants, then they will be free to take an appeal at that time. If the trial ends in Appellants' favor, however, then they will achieve the desired relief sooner than an interlocutory appeal could provide.

Moreover, the nature of the dispute appears to involve a mixed question of law and fact, which could better be addressed on appeal with the aid of a more robust record from below. In

short, the bankruptcy court's June 7, 2011 order is not of the kind well suited for interlocutory appeal.  Therefore, Appellants' Motion for Leave to Appeal from Interlocutory Order is **DENIED**.

### IV.  CONCLUSION

For the reasons stated herein, the Court is of the opinion that Appellants' Motion for Leave to Appeal from Interlocutory Order should be **DENIED**.  In that same vein, Appellants' request for certification of an appeal directly to the Fifth Circuit is similarly **DENIED**.

SO ORDERED.

Dated September 8, 2011.

_____
SAM R. CUMMINGS
UNITED STATES DISTRICT JUDGE